STATE OF NORTH CAROLINA v. ROBERT D. JENKINS

No. 7127SC597

(Filed 15 September 1971)

1. **Constitutional Law § 32— denial of court-appointed counsel — sufficiency of findings**

    Finding by the trial court "from the affirmations made by the applicant and after due inquiry made, that the applicant is financially able to provide the necessary expenses of legal representation," *held* sufficient to support the court's denial of court-appointed counsel.

2. **Constitutional Law § 31; Witnesses § 10— defendant unrepresented by counsel — failure of judge to assist in having subpoenaes issued**

    Where the court sustained an objection to a question asked by defendant, who was not represented by counsel, during cross-examination of a State's witness, and defendant stated, "I would like for them to get Mr. Lawes here in the courtroom and he could tell you, with the City Police Department," the trial court did not err in telling defendant that he could call any witness he wanted at the appropriate time, or in failing to advise defendant of his right to subpoena witnesses and to assist him in having subpoenaes issued.

APPEAL by defendant from *Thornburg, Judge,* 4 January 1971 Session of Superior Court held in GASTON County.

Defendant was charged in a bill of indictment, proper in form, with the felony of an assault with a firearm upon a law-enforcement officer while the officer was in performance of his

duty. (G.S. 14-34.2). Upon his plea of not guilty he was tried by jury.

From a verdict of guilty and judgment of imprisonment, defendant appealed.

*Attorney General Morgan, by Staff Attorney Price, for the State.*

*Robert E. Gaines for the defendant.*

BROCK, Judge.

Defendant was arrested on 4 October 1970. On 17 November 1970 defendant's request for court-appointed counsel was denied by the District Court Judge upon a finding "from affirmations made by the applicant and after due inquiry made" that the defendant was financially able to provide the necessary expenses for legal representation. Also on 17 November 1970 defendant waived a preliminary hearing and was bound over to the Superior Court for trial. On 7 January 1971 defendant again requested court-appointed counsel to represent him at his trial. On 7 January 1971 Judge Thornburg entered the following order:

"The above named person, being a party to a proceeding or action listed in G.S. 7A-451(a), specifically, assault with firearm on officer and assault with firearm with intent to kill, and, having requested the assignment of counsel; now therefore,

"It appearing to the undersigned Judge from the affirmations made by the applicant and after due inquiry made, that the applicant is financially able to provide the necessary expenses of legal representation, it is, therefore,

"ORDERED AND ADJUDGED that he is not an indigent, and his request is hereby denied."

Defendant's assignment of error number 1 is as follows: "The Court erred in failing to inquire into the indigency of the defendant and in failing to advise him that he had a right to counsel if he could not afford one and in failing to make findings of fact with regards to the indigency of the defendant."

[1] Obviously the defendant was advised of the right to counsel, because he requested court-appointed counsel. Also it is obvious

that the trial judge inquired into the financial situation of defendant because he had defendant's affidavit before him. We hold that the trial judge made sufficient findings to justify denial of court-appointed counsel. Within a period of three months two judges denied defendant's application for court-appointed counsel upon findings that defendant was financially able to provide the necessary expenses for legal representation, and defendant does not now contend that he was financially unable to employ counsel to represent him at his trial. Also we note that defendant is represented upon this appeal by privately employed counsel.

[2] Defendant's assignment of error number 2 is as follows: "The Court erred in failing to advise the defendant of his rights to have witnesses subpoenaed and erred in failing to assist the defendant, who was without counsel, in having subpoenaes issued for witnesses to testify on his behalf." This assignment of error is based upon an exception to a remark by the judge to the defendant. During the course of defendant's cross-examination of one of the State's witnesses, he asked an improper question to which the judge sustained an objection. However, the witness answered anyway denying the accusation in the question. Then the following transpired:

"DEFENDANT: Your Honor, if it please the Court, I would like for them to get Mr. Lawes here in the courtroom and he could tell you, with the City Police Department.

"THE COURT: You have had since October 4th, as I understand it, to prepare for the trial Mr. Jenkins. Any witnesses you want, you can call at the appropriate time. Any further questions of this witness?

"DEFENDANT: Yes, sir."

The effect of the judge's remark to defendant was that defendant could call any witness he wanted at the appropriate time, but not while the State was putting on its evidence. This is in accordance with correct procedure. There is no indication at any point during the trial that defendant wanted witnesses whose attendance at trial he did not know how to secure. There is no indication that defendant desired any defense witness who was not made available to him at the appropriate time. In fact, defendant did call a witness to testify in his behalf.

In his efforts to represent himself at trial, defendant showed surprising familiarity with trial procedures and knowledge of his rights. Nevertheless, as might be expected from a layman, he asked numerous improper questions. His assignments of error numbers 3, 4, 5, 6, and 7 challenge the ruling of the trial judge in sustaining objections to questions asked by defendant in cross-examining the State's witnesses. We have carefully reviewed each of these and find them to be without merit. No new or unusual question of procedure or evidence is presented and we conclude that no purpose can be served by a seriatim discussion.

Defendant's remaining two assignments of error, numbers 8 and 9, are addressed to the charge of the Court to the jury. We have carefully reviewed the charge and hold that it fairly presents the case to the jury upon applicable principles of law. In defendant's trial we find no prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.