STATE OF NORTH CAROLINA v. ELIZABETH CRADLE

No. 7115SC696

(Filed 15 December 1971)

1. **Constitutional Law § 32— indigent defendant — right to court-appointed counsel**

An indigent defendant is entitled to court-assigned counsel and to have such counsel present at every critical stage in the criminal process, including a preliminary hearing. G.S. 7A-450 et seq.

---

State v. Cradle

---

2. **Constitutional Law § 32— findings on indigency — refusal to appoint counsel for preliminary hearing — subsequent appointment of counsel in superior court**

The district court did not err in determining that defendant was not indigent at that time and was not entitled to have an attorney appointed to represent her at her preliminary hearing, notwithstanding the superior court subsequently found that defendant was indigent and appointed counsel to represent her in her trial in the superior court.

3. **Criminal Law § 91— denial of continuance**

The trial court did not err in the denial of defendant's motion for a continuance of her trial for forgery and uttering a forged instrument on 7 June, where counsel had been appointed to represent defendant on 1 June, counsel conferred with defendant on 3 June, and counsel conferred with the solicitor on 4 June and indicated that he was prepared for trial of this case.

4. **Forgery § 2— uttering a forged check**

The State's evidence was sufficient for the jury in this prosecution for uttering a forged check where it tended to show that defendant cashed a check in which her deceased mother was named as payee, that defendant endorsed the name of her deceased mother on the back of the check, and that the purported maker of the check had not made such a check.

APPEAL from *Copeland, Special Judge,* 7 June 1971 Session, ORANGE Superior Court.

The defendant was tried on a two-count bill of indictment. The first count charged the felony of forgery of a check in the amount of $50 and the second count charged the felony of uttering the forged check.

At the close of the State's evidence the trial judge sustained a motion for a directed verdict of not guilty as to the count of forgery. The count of uttering was submitted to the jury and from a verdict of guilty on that count and the imposition of a prison sentence the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*Roy M. Cole; Loflin, Anderson and Loflin by Thomas F. Loflin III for defendant appellant.*

CAMPBELL, Judge.

The first question presented by the defendant is whether her constitutional rights were violated by not having an attorney appointed to represent her at the preliminary hearing. The de-

State v. Cradle

fendant was arrested on 5 March 1971 pursuant to a warrant which had been issued on 25 February 1971. While the record is not clear, apparently the defendant was not held in custody but was released under a surety bond. The case came on for hearing in the district court on 23 March 1971. The defendant filed an affidavit dated 22 March 1971 asserting that she was financially unable to employ counsel and requesting the court to assign counsel to represent her. In this affidavit she represented that neither she nor her husband was employed; that she had no money or other income and no property; that she owed about $3,000 and owned a 1958 Chevrolet automobile which was paid for. The record discloses that a hearing was held before the district judge on the request for assignment of counsel and the judge entered an order finding:

> "It appearing to the undersigned Judge from the affirmations made by the applicant and after due inquiry made, that the applicant is financially able to provide the necessary expenses of legal representation, it is, therefore,

> ORDERED AND ADJUDGED that [she] is not an indigent, and [her] request is hereby denied."

Thereafter under date of 30 March 1971, at a preliminary hearing, the district court found probable cause of defendant's guilt and bound her over to the April 20, 1971 Session of the Superior Court. An appearance bond was set at $1,000. Defendant apparently complied with the $1,000 bond provision and remained at liberty.

On 26 April 1971 the grand jury returned the two-court bill of indictment on which the defendant was tried.

On 1 June 1971 Judge Copeland in the Superior Court conducted another hearing as to the indigency of the defendant and found that she was at that time indigent, and appointed Mr. Cole to represent her.

[1] It is well recognized that an indigent defendant is entitled to court-assigned counsel and to have such counsel present at every critical stage in the criminal process including a preliminary hearing. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed. 2d 387 (1970). In fact, this right to counsel is provided by statute in North Carolina. G.S. 7A-450, *et seq.*

The entitlement to counsel at public expense is dependent upon the defendant's being an indigent. The statute provides that: "The court shall make the final determination." G.S. 7A-453 (b). The statute also provides "The question of indigency may be determined or redetermined by the court at any stage of the action or proceeding at which an indigent is entitled to representation." G.S. 7A-450 (c). The record in the instant case reveals that the district judge on 23 March 1971 conducted a hearing and, based upon affirmations made by the defendant and "after due inquiry made," determined that the defendant was not an indigent and was not entitled to an attorney at public expense. Subsequently, and in keeping with the statutes, the superior court judge on 1 June 1971 conducted another hearing and at this time determined that the defendant was an indigent and entitled to the services of an attorney at public expense and such an attorney was furnished.

[2]   There is nothing in the record before us to show that the district judge on 23 March 1971 committed any error in determining at that time that the defendant was not an indigent and was not entitled to an attorney at public expense. There is a presumption in favor of the regularity of the hearing and the order entered by the district judge. 3 Strong, N. C. Index 2d, Criminal Law, § 167; *State v. Jenkins*, 12 N.C. App. 387, 183 S.E. 2d 268 (1971). Also, we note that defendant is represented on this appeal by privately-employed counsel as well as by court-appointed counsel. We also note that no contention was made by the defendant in the superior court that the district court committed error in failing to appoint counsel to represent the defendant at the preliminary hearing, and no request was made that the case be remanded to the district court for correction. We find no merit in this assignment of error.

[3]   The defendant assigns for error the refusal of the trial judge to grant a continuance of the trial so as to give trial counsel additional time to prepare. The record discloses that counsel was appointed for the defendant on 1 June 1971 and at that time the defendant was instructed to communicate with her counsel. Counsel, at that time, had four other cases pending for the defendant. Defendant did not communicate with her counsel as instructed to do by the court. Nevertheless, on 3 June 1971, counsel was advised of this particular case and on that day conferred with the defendant. The record further discloses

that not later than 4 June 1971 counsel for the defendant conferred with the solicitor and indicated to the solicitor that in this case he was prepared for trial. The solicitor in turn advised counsel for the defendant that there might be other cases called for trial, but that this particular case likewise was marked on the trial calendar for trial. The record reveals no prejudice to the defendant in proceeding with the trial on 7 June 1971. We find no merit in this assignment of error.

The defendant challenges the sufficiency of the evidence to be submitted to the jury and to sustain the verdict of the jury. The defendant contended that the case should have been dismissed for insufficient evidence.

[4]   In brief summary, the evidence in the light most favorable to the State shows that on 15 January 1971 the defendant took a check dated that day and payable to the order of "Lena Mae Hopkins" in the amount of $50 to a place of business known as Central Carolina Farmers and requested the office manager to cash it. She represented to the office manager that the maker of the check, a Mr. Duty, was the man she worked for. In the presence of the office manager the defendant endorsed the check on the back with the name "Lena Mae Hopkins" and received the $50. Defendant's mother was "Lena Mae Rigsbee" but she sometimes went under the name of "Lena Mae Hopkins." At that particular time, on 15 January 1971, defendant's mother was dead and had been dead for approximately two years. When the check was presented to the bank on which it was drawn, payment thereon was refused for that no such account was then existent at the bank. The purported maker of the check, Mr. Duty, had not made such a check. This evidence was ample to sustain the conviction of the defendant for uttering a forged instrument. All of the necessary elements of the crime were established. *State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1967).

The remaining assignments of error have been considered, and we find them to be without merit.

No error.

Judges MORRIS and PARKER concur.